**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD J. MULDER, | No. 08-15477 |
| Petitioner - Appellant, | D.C. No. 2:04-CV-00324-KJD-GWF |
| v. | |
| JAMES SCHOMIG, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted May 26, 2010[**]
San Francisco, California

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Nevada state prisoner Ronald J. Mulder appeals from the district court's

judgment denying his 28 U.S.C. §2254 habeas petition. We have jurisdiction

under 28 U.S.C. §2253, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Mulder was charged with first degree murder with use of a deadly weapon in connection with the burning death of a friend in May 2001. Mulder entered an *Alford* plea to first degree murder without use of a deadly weapon and was sentenced to life in prison with the possibility of parole after twenty years. *See North Carolina v. Alford*, 400 U.S. 25 (1970). He contends that his trial counsel was ineffective for failing to investigate adequately the defense of intoxication and for failing to engage the assistance of an expert witness on intoxication. Mulder maintains that had counsel prepared a stronger intoxication defense, Mulder would likely have elected to stand trial rather than enter an *Alford* plea.

The record reveals that counsel's efforts with respect to the intoxication defense were reasonable and that the Nevada Supreme Court's denial of Mulder's *Strickland* claim was, therefore, neither contrary to nor an unreasonable application of clearly established federal law. *See* 28 U.S.C. §2254(d)(1); *Strickland v. Washington*, 466 U.S. 668 (1984). Furthermore, Mulder has not shown prejudice from the alleged errors on the part of counsel because there is no reasonable probability that he would have elected to stand trial and risk consecutive life sentences without the possibility of parole where there was very little chance that a trial would have resulted in a better sentence than the one he received by pleading. *See Strickland,* 466 U.S. at 694; *Hill v. Lockhart,* 474 U.S. 52, 59 (1985). The prejudice assessment is an objective one made "without regard for the

'idiosyncrasies of the particular decisionmaker.'" *Hill*, 474 U.S. at 59-60 (quoting *Strickland*, 466 U.S. at 695).

**AFFIRMED.**